IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEANGELO WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| A municipal corporation, | ) |
| RYAN STEC, a Chicago Police Officer, | )    TRIAL BY JURY DEMANDED |
| Star Number 8651, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### Jurisdiction/Venue

1. This incident occurred on or about December 31, 2018, in Chicago, Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331, and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under 28 U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

### Parties

4. The Plaintiff, DeAngelo Williams, is a resident of Chicago, Cook County, Illinois, located in the Northern District of Illinois.

5. Defendant City of Chicago is a municipal corporation and, at all times relevant to this Complaint, was a principal employer of Defendant Officer Ryan Stec (herein "the Defendant Officer"), who was acting under color of law and in the scope of his employment with Defendant City of Chicago as a duly sworn police officer when the incident occurred.

Facts

6. On December 31, 2018, the Defendant Officer executed a search warrant at 1220 S Tripp Ave, Apartment 2, Chicago, Illinois.

7. The Plaintiff's residence was in Unit 1, but he was sleeping in one of the bedrooms of Apartment 2 when the search warrant was executed.

8. The Plaintiff was present during the search, along with other individuals, including a person by the name of Stephen[1].

9. During the search, a handgun was found in the closet of one of the bedrooms of Apartment 2.

10. This was not the Plaintiff's bedroom.

11. Rather, the bedroom where the gun was found was that of Stephen and his girlfriend.

---

[1] The Plaintiff knows the full name of this person, but chooses only to identify him by his first name in this complaint.

12. The Defendant Officer knew that the bedroom where the gun was found was Stephen's bedroom, not the Plaintiff's bedroom.

13. Nevertheless, the Defendant Officer falsely claimed in police reports and testified to the grand jury that this was the Plaintiff's bedroom.

14. There was no probable cause to believe that this was the Plaintiff's gun, or that he was in possession of this gun.

15. In fact, during the search, the Defendant Officers were provided with an abundance of information that the gun in question did not belong to the Plaintiff, but instead was owned and possessed by Stephen.

16. This information provided to the Defendant Officer came from occupants in the apartment, including from Stephen's girlfriend.

17. Additional information learned before and during the search also would have led the Defendant Officer to the inescapable conclusion that the gun was possessed by Stephen, not by the Plaintiff.

18. Despite knowing this information, the Defendant Officer advised the felony review assistant deciding whether to charge the Plaintiff with a felony that all the occupants of the house denied any knowledge of the gun in the apartment, even though witnesses actually told the Defendant Officer that the gun belonged to Stephen, not the Plaintiff, which the Defendant Officer simply ignored at the time and falsely covered up in police reports.

19. Despite having a paucity of information that the gun was owned by the Plaintiff, and an abundance of information that the gun was owned by

Stephen, the Defendant Officer nevertheless arrested the Plaintiff for unlawful possession of a weapon (UUW) by a felon.

20. The Defendant Officer manufactured police reports that omitted any reference to his knowledge that the gun was owned by the other resident of the apartment and that the bedroom where the gun was found was not the Plaintiff's bedroom, but instead the bedroom where Stephen regularly slept.

21. These reports also falsely claimed that the gun was found in the Plaintiff's bedroom, when the Defendant Officer knew this was not the Plaintiff's bedroom, and these reports also falsely stated that the witnesses on the scene had no information about the ownership of the gun when, in fact, he knew the witnesses indicated it was Stephen's gun.

22. The Defendant Officer also testified falsely about his knowledge of the true possessor of the gun to the grand jury to obtain an indictment against the Plaintiff.

23. When the Defendant Officer took these actions, he acted with malice and an attempt to maliciously prosecute and falsely detain the Plaintiff without probable cause of doing so.

24. Based on this fabricated evidence and/or police reports that omitted material information that would have vitiated probable cause, the Plaintiff was arrested and brought before a felony judge for his initial *Gerstein* hearing, and that finding of probable cause was based on that false and/or materially incomplete evidence.

25. The Plaintiff bonded out of jail within a day or two, however, he was forced to post a monetary bond and he was also placed on electronic home monitoring for the remainder of his court case.

26. In Cook County, electronic home monitoring is considered "custody" for purposes of sentencing credits.

27. The Plaintiff was also subject to other bond restrictions, including not being able to leave the jurisdiction without permission of the court.

28. On October 8, 2019, the case against the Plaintiff was dismissed in a manner consistent with the innocence of the Plaintiff.

29. As a result of the Defendant Officer's actions, the Plaintiff experienced injuries including but not limited to loss of freedom, humiliation, emotional distress, loss of wages, loss of employment, pecuniary damages, and legal expenses.

## COUNT I – 42 U.S.C. § 1983
## FOURTH AMENDMENT FALSE ARREST
## PLAINTIFF VS. DEFENDANT OFFICER

30. Each paragraph of this Complaint is restated fully herein.

31. As described above, the Defendant Officer, without probable cause or legal justification, caused the Plaintiff to be falsely arrested in violation of the Fourth Amendment.

32. The Defendant Officer was acting within the course and scope of his employment and under color of law at the time of the Plaintiff's arrest.

33. As a result of the above-described wrongful infringement of the Plaintiff's rights, he suffered damages including, but not limited to those described above.

## COUNT II – 42 U.S.C. § 1983
## FOURTH AMENDMENT ILLEGAL PRETRIAL DETENTION
## PLAINTIFF VS. DEFENDANT OFFICER

34. Each paragraph of this Complaint is restated fully herein.

35. The Defendant Officer caused the commencement of a criminal case against the Plaintiff—for unlawful possession of a firearm by a felon—falsely, maliciously, and without probable cause.

36. Those charges were resolved in the Plaintiff's favor as detailed above, in a manner consistent with his innocence.

37. The probable cause determination in this case was predicated solely on the Defendant Officer's fabrications and/or material omissions from police reports and other information sent to the State's Attorney's Office and the Defendant's Officers false grand jury testimony regarding the information the Defendant Officer knew about the possessor of the gun in question.

38. As a result, the Defendant Officer's conduct proximately caused the Plaintiff to be confined and prosecuted without probable cause or other legal justification.

39. Therefore, the Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through

the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures was violated.

40. The Defendant Officer was acting within the course and scope of his employment and under color of law at the time of the Plaintiff's arrest and prosecution.

41. As a direct and proximate cause of this violation, the Plaintiff suffered damages, as described above.

## COUNT III – 42 U.S.C. § 1983
## FIFTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAIM
## PLAINTIFF VS. DEFENDANT OFFICER

42. Each paragraph of this Complaint is restated fully herein.

43. The Defendant Officer caused the commencement of a criminal case against the Plaintiff—for unlawful possession of a firearm by a felon—falsely, maliciously, and without probable cause.

44. In doing so, the Defendant Officer deprived the Plaintiff of his liberty and manufactured and/or withheld exculpatory evidence from the Plaintiff.

45. Those charges were resolved in the Plaintiff's favor as detailed above, in a manner indicative of his innocence.

46. The probable cause determination in this case was predicated solely on the Defendant Officer's fabrications and/or material omissions and/or the withholding of exculpatory evidence from police reports and other information sent to the State's Attorney's Office regarding the information the Defendant Officer knew about the possessor of the gun in question.

47. As a result, the Defendant Officer's conduct proximately caused the Plaintiff to be confined and prosecuted without probable cause or other legal justification.

48. Therefore, the Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution.

49. The Defendant Officer was acting within the course and scope of his employment and under color of law at the time of the Plaintiff's detention and prosecution.

50. As a direct and proximate cause of this violation, the Plaintiff suffered damages, as described above.

## COUNT IV – ILLINOIS STATE LAW
## MALICOUS PROSECUTION
## PLAINTIFF VS. ALL DEFENDANTS

51. Each paragraph of this Complaint is restated fully herein.

52. As described above, the Defendant Officer, without legal justification or probable cause, caused the Plaintiff to be criminally prosecuted in the Circuit Court of Cook County.

53. As described above, the Plaintiff's case was resolved in his favor, in a manner consistent with his innocence.

54. The Defendant Officer acted with malice and without probable cause.

55. The Defendant Officer was acting within the course and scope of his employment with the City of Chicago at the time of the Plaintiff's malicious prosecution.

56. As a result of the above-described wrongful infringement of the Plaintiff's rights, the Plaintiff suffered damages as described above.

## COUNT V – ILLINOIS STATE LAW INDEMNIFICATION
## PLAINTIFF VS. CITY OF CHICAGO

57. Each paragraph of this Complaint is restated fully herein.

58. In committing the acts alleged in the preceding paragraphs, the Defendant Officer was acting as an agent or employee of Defendant City of Chicago, and was working in the course and scope of his employment and under color of law.

59. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

60. Defendant City of Chicago is the indemnifying entity for the actions described above, of the Defendant Officer, who took his action while acting under color of law and in the course and scope of their employment with the City of Chicago.

### Request for Relief

The Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, award compensatory damages and attorneys' fees and costs against all Defendants, award punitive damages against the Defendant Officer in his individual capacity, and grant any other equitable relief this Court deems just and appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY

                                                    Respectfully Submitted,

                                                    /s/ Loren Jones
                                                    One of the Attorneys for the Plaintiff


Richard Dvorak
Loren V. Jones
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(630) 568-3190